# BERKMAN HENOCH
PETERSON PEDDY & FENCHEL, PC
Attorneys at Law

Steven J. Peddy
Gary H. Friedenberg
Miriam R. Milgrom
Joseph E. Macy*
Rudolf J. Karvay
Robert A. Carruba
Gregory P. Peterson
Saul R. Fenchel**

**COUNSEL**
Steven Brock
Gilbert Henoch
David R. Kay
MaryBeth Malloy
Terence E. Smolev, P.C.

Bruce J. Bergman
Vinson J. Friedman
Christina Jonathan
Stanley Mishkin
Donna A. Napolitano
Todd C. Steckler
Peter Sullivan

Stefanie Murphy-Boykins
Kaitlyn A. Costello
James E. Durso
Daniel J. Evers
Evelyn P. Flores
Adam S. Kalb
Pesia M. Kinraich

Megan K. McNamara
Randy S. Nissan
Novica Petrovski
Hillary Prada
Eileen M. Ryan
Rajdai D. Singh
Christopher F. Ulto
Martin E. Valk

100 Garden City Plaza, Third Floor
Garden City, New York 11530

Telephone:   (516) 222-6200
Facsimile:    (516) 222-6209
Website:     www.bhpp.com

November 19, 2018

BY ECF

Hon. Gary R. Brown
United States District Court
for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    Crown Castle NG East LLC v. Town of Hempstead, et al.
             17-cv-03148 (GRB)

Dear Judge Brown:

      We are attorneys for defendants in the referenced action. We write in response to the Notice of Supplemental Authority, dated November 15, 2018 (the "Notice"), filed by counsel for plaintiff, pursuant to which he requests that the Court schedule a conference and permit the parties the opportunity to file supplemental briefs addressing the impact of the Declaratory Ruling (as defined in the Notice) on the issues presently before the Court in the pending motion and cross-motion for summary judgment.

      While defendants have no objection to a conference before the Court, they strenuously disagree with plaintiff that the Declaratory Ruling has any impact whatsoever on the pending action. For example, the Declaratory Ruling is addressed to "Wireless Broadband Deployment" and is in large part only applicable to "Small Wireless Facilities" where the facilities provide both wireless broadband information services **and** wireless telecommunications services. As set forth in defendants' moving papers, prior decisions from the Federal courts have consistently held that the 4G LTE service (including Voice over LTE) that is proposed to be provided from plaintiff's DAS facilities is a broadband information services and not a telecommunications service. Thus, inasmuch as plaintiff will not be providing any telecommunications services, the Declaratory Ruling is

## BERKMAN HENOCH
PETERSON PEDDY & FENCHEL, PC

Hon. Gary R. Brown
November 19, 2018
Page -2-

irrelevant to this matter. Additionally, plaintiff's proposed DAS sites in this action are not "small wireless facilities" as defined by the FCC and therefore not within the purview of the Declaratory Ruling.

Several municipalities have already made clear that there will be significant legal challenges to the Declaratory Ruling, which may include applications to stay the Declaratory Ruling during the pendency of the challenges. In fact, there has already been filed with the FCC a petition for reconsideration of the Declaratory Ruling. Since the Declaratory Ruling will not be effective until January 14, 2019, it is possible that a stay could be implemented prior to the effective date of the Declaratory Ruling.

Finally, given the numerous issues claimed by plaintiff to be raised by the Declaratory Ruling, it would appear that rather than supplemental briefs on the summary judgment motion, it may be more appropriate for plaintiff to file a second amended complaint so that the parties can fully address all issues in the case with respect to the Declaratory Ruling, to the extent relevant.

Please let us know if you would like any additional information.

Respectfully yours,

s/

Todd C. Steckler

cc: Snyder & Snyder, LLP (by ECF)