LAW OFFICES OF

# SNYDER & SNYDER, LLP

94 WHITE PLAINS ROAD
TARRYTOWN, NEW YORK 10591
(914) 333-0700
FAX (914) 333-0743

WRITER'S E-MAIL ADDRESS

e-mail to **RGaudioso@Snyderlaw.net**

NEW YORK OFFICE
445 PARK AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10022
(212) 749-1448
FAX (212) 932-2693

LESLIE J. SNYDER
ROBERT D. GAUDIOSO

DAVID L. SNYDER
(1956-2012)

NEW JERSEY OFFICE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NEW JERSEY 07102
(973) 824-9772
FAX (973) 824-9774

REPLY TO:

Tarrytown Office

January 7, 2019

The Honorable Gary R. Brown
United States Magistrate Judge
Eastern District of New York
Central Islip Courthouse
100 Federal Plaza
P.O. Box 9014; Courtroom 840
Central Islip, New York 11722

        RE:    *Crown Castle NG East LLC v. The Town of Hempstead, et al.*
                Docket: 17-cv-3148

Dear Judge Brown:

      We represent plaintiff Crown Castle NG East LLC in the above-referenced action. On December 17, 2018, Your Honor issued a Memorandum and Order (the "Order") addressing the parties' motions for summary judgment and other related motions. Docket Entry ("DE") 29. The Court directed the parties to file, "preferably," a joint status report by or on January 7, 2019, setting forth the "discovery, hearing and/or remand [] required on the remaining claims, and if so, the scope and timing of said discovery as well as the remaining matters to be litigated." *Id.* p. 19. The parties met and conferred regarding the Court's instruction, however, the defendants preferred to submit a separate letter in lieu of a joint report. Please accept the submission of this letter as plaintiff's Status Report ordered by the Court.

      Although the Order denies defendants' summary judgment motion entirely, it also denied summary judgment on plaintiff's prohibition claim under §332(c)(7)(B)(i)(II). In so doing, the Court found that (a) the September 2018 FCC Declaratory Ruling and Order[1] did not apply to plaintiff's claims, *id.* pp. 15-17; and (b) under the *Willoth*[2] standard, plaintiff failed to establish

---

[1] *In re Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Investment, Declaratory Ruling and Third Report and Order,* Dkt. Nos. 17-79 and 17-84 (adopted Sept. 26, 2018; released Sept. 27, 2018).

[2] *Sprint Spectrum L.P. v. Willoth,* 176 F.3d 630 (2d Cir. 1999).

the proposed nodes would fill a significant gap in coverage because it did not present evidence concerning the availability of (or lack thereof) coverage via Verizon's 3G network, *id.* pp. 2, 7. Among other things, the Court held that without a showing of a significant gap in 3G coverage, it could not determine whether defendants had violated §332(c)(7) with unreasonable and discriminatory fees. *Id.* pp. 18. The Order also required the parties to inform the Court, with a Status Report, of the discovery, hearing, and remand needed. *Id.* p. 19. The Order did not address plaintiff's claims alleging defendants' unreasonable delay of the applications and that defendants' denial of the applications was not based on substantial evidence on the administrative record. *See* DE 22, Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, dated March 16, 2018, Points II and III.

Therefore, the remaining claims to be decided by the Court are the following:

1. Whether the Town's Actions Constitute an Effective Prohibition under §332(c)(7) when all aspects of Verizon's available service are taken into account;

2. Whether the Town's Unreasonable Delay Violates §332(c)(7)(B)(i)(II);

3. Whether the Town's Unreasonable Delay is Tantamount to a Denial Not Supported by Substantial Evidence in Violation of §332(c)(7)(B)(iii); and

4. Whether the Fees Imposed on Plaintiff Are Illegal.

To fully address the question of the availability of 3G service and the issues presented by the remaining claims, plaintiff respectfully requests full discovery, including document demands, interrogatories, fact witness depositions, expert disclosure and reports, and expert depositions. Plaintiff respectfully proposes the following discovery schedule:

February 4, 2019: Service of first interrogatories and document demands

March 13, 2019: Responses to first interrogatories and document demands

April 3, 2019: Motions to join new parties or amend the pleadings

April 12, 2019: Completion of fact depositions

April 15, 2019: Identification of case-in-chief experts and service of Rule 26 disclosures

May 15, 2019: Identification of rebuttal experts and service of Rule 26 disclosures

May 31, 2019: Case-in-chief replies to rebuttal experts

June 30, 2019: Completion of expert depositions

TBD by Court: Hearing on all claims relating to §332 violations, including plaintiff's claim of effective prohibition by the defendants

In addition, plaintiff intends to move the Court to either reconsider certain of its holdings in the Order, including the inapplicability of the September 2018 FCC Declaratory Ruling and Order and the need for technology-specific showings of prohibition under Section 332(c)(7), or certify the Order for Interlocutory Appeal on these issues pursuant to Fed. Rule of App. P. 5(a)(3) and 28 U.S.C. § 1292(b). However, plaintiff will not ask for a stay of discovery pending the appeal.

We thank the Court for its time and consideration.

Respectfully submitted,

Robert D. Gaudioso

RDG/cc

cc: Todd C. Steckler, Esq., *Counsel for Defendants*
Crown Castle NG East LLC