# BERKMAN HENOCH
## PETERSON PEDDY & FENCHEL, PC
### Attorneys at Law

Steven J. Peddy
Gary H. Friedenberg
Miriam R. Milgrom
Joseph E. Macy*
Rudolf J. Karvay
Robert A. Carruba
Gregory P. Peterson
Saul R. Fenchel**

Bruce J. Bergman
Vinson J. Friedman
Christina Jonathan
Stanley Mishkin
Donna A. Napolitano
Todd C. Steckler
Peter Sullivan

**COUNSEL**
Gilbert Henoch
David R. Kay
MaryBeth Malloy
Terence E. Smolev, P.C.

Stefanie Murphy-Boykins
Kaitlyn A. Costello
James E. Durso
Daniel J. Evers
Evelyn P. Flores
Adam S. Kalb
Pesia M. Kinraich

Megan K. McNamara
Randy S. Nissan
Novica Petrovski
Hillary Prada
Eileen M. Ryan
Rajdai D. Singh
Christopher F. Ulto
Martin E. Valk

100 Garden City Plaza, Third Floor
Garden City, New York 11530

Telephone:  (516) 222-6200
Facsimile:  (516) 222-6209
Website:  www.bhpp.com

January 7, 2019

**BY ECF**

Hon. Gary R. Brown
United States District Court
for the Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Crown Castle NG East LLC v. Town of Hempstead, et al.
     <u>17-cv-03148 (GRB)</u>

Dear Judge Brown:

  We are attorneys for defendants (the "Town") in the referenced action. We write at the direction of the Court as set forth in the Memorandum and Order dated December 17, 2018 (the "Order"). As the Court is aware, by the Order the Court denied both plaintiff's motion for summary judgment and the Town's cross-motion for summary judgment with respect to: (1) the First Cause of Action based on 47 U.S.C. §332(c)(7)(B)(ii) -- alleging an unreasonable delay in the Town' consideration of plaintiff's applications for 48 new distributed antenna system nodes ("DAS Nodes"); (2) the Second Cause of Action based on 47 U.S.C. §332(c)(7)(B)(iii) -- alleging that the Town' denial of the 48 applications was not based on substantial evidence (of course, the Town' never denied plaintiffs application, but rather plaintiff claim the Town failed to act on the applications within the applicable "shot clock" limitations), and (3) the Third Cause of Action based on 47 U.S.C. §332(c)(7)(B)(i) (II) -- alleging an effective prohibition of service. Additionally, the Court deemed withdrawn without prejudice the Eighth and Tenth Causes of Action alleging discriminatory fees, with leave to refile upon notice to the parties and the Court.

  Respectfully, the Town request a conference before the Court to discuss the application of the Order and whether the parties should be permitted to submit papers on reargument before undertaking any further hearing, discovery or other actions in this proceeding, based on the following issues.

**BERKMAN HENOCH**
PETERSON PEDDY & FENCHEL, PC

Hon. Gary R. Brown
January 7, 2019
Page -2-

In the Order, the Court made two significant evidentiary findings. First, the Court appears to accept the argument propounded by the Town' expert witness that 4G LTE, including Voice over LTE ("VoLTE"), "is a broadband internet technology and VoLTE is simply one part of that technology". (Order p. 6) The Court then, stated that "the conclusory statement by plaintiff's expert that 'voice calls are not information service and are personal wireless service' is just that: a conclusion, not factual evidence." (Order p. 6)

The second factual finding by the Court concerned the availability of coverage for plaintiff's customer Verizon Wirelesss to make telephone calls. The Court appears to have accepted the Town' argument that by only providing coverage data for Verizon's 4G LTE network and failing to provide coverage data for Verizon's existing 3G network, plaintiff failed to controvert the Town's claim that plaintiff had not proven a gap in coverage. (Order p. 7).

With respect to the first finding, notwithstanding that the services to be provided by plaintiff from the 48 DAS nodes are "broadband information services", the Court rejected both parties claims that the clear statements from the Federal Communications Commission (the "FCC") are controlling with respect to the interpretation of 47 U.S.C. §332(c)(7)(B), including the Town' claim that the FCC has conclusively determined that broadband information services, including all services built into that service, are not commercial mobile services (nor personal wireless services) and thus not subject to the prescripts of 47 U.S.C. §332(c)(7)(B). Instead the Court applied the Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837 (1984), two step test for administrative deference and relying on the Second Circuit's decision in Sprint Spectrum, L.P. v. Willoth, 176 F.3d 630 (2d Cir. 1999), found that based on a plain reading of the relevant statutes the services to rendered by plaintiff are commercial mobile services subject to the prescripts of 47 U.S.C. §332(c)(7)(B). The Sprint Spectrum court did not undertake a Chevron analysis.

While neither party had the opportunity to brief the Chevron issue, respectfully, the Court's analysis is faulty in two respects. First, Sprint Spectrum was decided in 1999, prior to the advent and operation of the 4G LTE system and VoLTE. Thus, it provides little guidance on the applicability of 47 U.S.C. §332(c)(7)(B) to the 4G LTE broadband information service which is the subject to this action. Second, in 2017 in Up State Tower Co., LLC v. Town of Kiantone, 718 Fed.Appx. 29 (2d Cir. 2017), the Second Circuit spoke directly to the application of Chevron to 47 U.S.C. §332(c)(7)(B), stating "[w]e owe Chevron deference to the FCC in its reasonable interpretation of the TCA. We agree with the 5th Circuit that the two FCC Orders cited herein are reasonable constructions of §332(c)(7)(B) they are thus entitled to Chevron deference." See also United States Telecom Ass'n v. FCC, 855 F.3d 381(D.C. Cir. 2017)(where the court, relying on National Cable & Telecommunications Ass'n v Brand X Internet Services, 545 U.S. 967 (2005), deferred to the FCC on whether broadband carriers were common carriers for purposes of 47 U.S.C. §332(c)(7)(B) -- the FCC has now held that broadband internet providers are not common carriers).

Thus, respectfully, this Court's reliance on Sprint Spectrum is misplaced based on the subsequent authorities, a matter on which the parties should have the opportunity to submit briefs. Yet, even if 47 U.S.C. §332(c)(7)(B) were applicable here, the Court evidentiary finding requires

**BERKMAN HENOCH**
PETERSON PEDDY & FENCHEL, PC

Hon. Gary R. Brown
January 7, 2019
Page -3-

dismissal of the Section 332 claims. The issue at hand was the propriety of the Town's denial -- again there is no actual denial -- of plaintiff's applications. It was incumbent upon plaintiff to demonstrate that there was a gap in coverage in order to justify its applications for 48 DAS nodes to the Town. Without such demonstration, there could neither be an unreasonable delay in granting the applications, a lack of substantial evidence to support the denial or an effective prohibition of service. Since, the Court found that plaintiff failed to demonstrate a gap in coverage, there can be no Section 332 claim against the Town and the First, Second and Third Causes of Action should, respectfully, have been dismissed.

With respect to the three paths proposed by the Court, since plaintiff did not provide the Town with proof of a gap in coverage -- as the Court has determined in the Order -- there is no basis for plaintiff to now provide its 3G coverage maps to the Court during a hearing on the coverage issue, when those coverage maps were not provided to the Town during the time they were considering plaintiff's applications.

Nor is there any need for discovery. The entire record of the proceedings before the Town during the application process were submitted to the Court in support of plaintiff's summary judgment motion. Since the issue under Section 332 is the actions of the Town in the application process, there is no further discovery necessary. Nor is discovery warranted on the remaining causes of action. After the first three causes of action, all that is left in the case are state law causes of action (Counts Five, Six and Seven), causes of action which are moot because the Town have already been granted the relief requested (Counts Nine and Ten) and a cause of action based on unreasonable delay before the Board of Zoning Appeals, which plaintiff has refused to prosecute until certain state Freedom of Information Law issues are resolved.

Finally, should the Court remand the matter back to the Town for renewed consideration, the Town would still want to either reargue or, upon dismissal for remand, appeal the Order.

Respectfully, given the plethora of issues facing the parties, a conference before the Court is the most reasonable and practical way to proceed, so that all parties rights and interests can be protected without the waste of judicial resources.

Respectfully yours,

s/

Todd C. Steckler

cc: Snyder & Snyder, LLP (by ECF)