LAW OFFICES OF
## SNYDER & SNYDER, LLP
94 WHITE PLAINS ROAD
TARRYTOWN, NEW YORK 10591
(914) 333-0700
FAX (914) 333-0743

WRITER'S E-MAIL ADDRESS
Rgaudioso@Snyderlaw.net

NEW YORK OFFICE
445 PARK AVENUE, 9TH FLOOR
NEW YORK, NEW YORK 10022
(212) 749-1448
FAX (212) 932-2693

LESLIE J. SNYDER
ROBERT D. GAUDIOSO
DOUGLAS W. WARDEN
JORDAN M. FRY

DAVID L. SNYDER
(1956-2012)

NEW JERSEY OFFICE
ONE GATEWAY CENTER, SUITE 2600
NEWARK, NEW JERSEY 07102
(973) 824-9772
FAX (973) 824-9774

REPLY TO:
Tarrytown

August 10, 2022

The Honorable Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York
Unites States District Court
100 Federal Plaza
Central Islip, New York 11732

RE: *Crown Castle NG East LLC v. Town of Hempstead, et al.*
17-cv-3148 (ST)

Dear Judge Tiscione:

We represent plaintiff Crown Castle NG East LLC ("Crown Castle") in the above-referenced action and write this letter, pursuant to the Scheduling Order entered by your Honor on August 3, 2022, in opposition to defendants the Town of Hempstead, Town of Hempstead Board of Zoning Appeals, Town of Hempstead Town Board, and John Rottkamp (the "Town")'s motion for leave to file the parties' to-be-so-ordered settlement agreement (the "Settlement Agreement" or "Consent Order") under seal (D.E. No. 96).

**The So-Ordered Entry of the Consent Order is Essential to the Settlement of this Action**

The Parties have agreed to settle this action pursuant to the terms of the Settlement Agreement because the forty-eight (48) small wireless facilities (the "Nodes") that are the subject of this litigation are required to remedy significant gaps in personal wireless and telecommunications services in the Town of Hempstead and are the least intrusive means of doing so, and Crown Castle will be materially inhibited or limited from providing personal wireless and telecommunications services without the Nodes. The Parties also agreed that the Settlement Agreement and Crown Castle's dismissal of this action with prejudice is contingent upon the "So Ordered" entry of the Consent Order by this Court because such actions by the Court are necessary to ensure that the Consent Order is entitled to the preclusive effects of res judicata as to all matters litigated and decided therein and all relevant issues which could have been but were not raised and litigated in the matter. *Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir. 1986); *see, e.g., Lucas v. Plan. Bd. of Town of LaGrange*, 7 F. Supp. 2d 310, 329 (S.D.N.Y. 1998) (holding a consent judgment is a final judgment on the merits and thus is entitled to the protections of res judicata in subsequent litigations brought by the parties or their privies, including residents of the town that agreed to the terms of the consent judgment).

**The Public Has a Fundamental Common Law and Constitutional Right of Access to the Consent Order**

"The common law right of public access to judicial documents is firmly rooted in our nation's history. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).[1] "The public also enjoys a right of access to judicial documents under the First Amendment." *In re Sept. 11 Litig.*, 723 F. Supp. 2d at 530–31 (citation omitted). Thus, a party seeking to file documents relating to a lawsuit under seal has a heavy burden to overcome "the public[']s presumptive right of access." *Capricorn Mgmt. Sys., Inc. v. Gov't Emps. Ins. Co.*, No. 15CV2926DRHSIL, 2019 WL 5694256, at *5 (E.D.N.Y. July 22, 2019), report and recommendation adopted, No. 15CV2926DRHSIL, 2020 WL 1242616 (E.D.N.Y. Mar. 16, 2020) (citation omitted); *see also Doe v. City of New York*, No. 15-CV-117 (AJN), 2019 WL 4392533, at *2 (S.D.N.Y. Sept. 13, 2019) ("[i]f a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight") (internal quotations and citation omitted). The court must weigh the competing interests and determine whether the potential harm alleged by the movant is a "higher value sufficient to overcome the strong presumption in favor of access." *Id.*; *see also In re Sept. 11 Litig.*, 723 F. Supp. 2d at 532 ("[i]f the First Amendment right of access applies, the court may still order the sealing of documents if it makes specific, on the record findings ... demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest" (quoting *Lugosch*, 435 F.3d at 120 (internal quotation marks and citations omitted).

Here, the Town requests that the Court permit it to file the Consent Order under seal because "it is the practice of the Town to not have settlement agreements filed on the public docket[;]" however, tellingly, the Town fails to allege *any* harm in filing the Consent Order on the public docket, let alone a harm that would overcome the public's first amendment right or its firmly rooted common law right to access the Consent Order. In fact, the Town acknowledges in its motion that the Consent Order, like any settlement agreements that the Town is a party to, is not confidential and, even if the Court granted the instant motion permitting the Town to file the Consent Order under seal, the "Town residents can nonetheless obtain a copy of the agreement through FOIL."

Based upon the foregoing, Crown Castle respectfully requests that the Court bring this case to a conclusion by: (1) so-ordering the Consent Order; (2) denying the Town's motion for leave to file the Consent Order under seal; and (3) entering the Consent Order on the public docket.

Respectfully submitted,

Robert D. Gaudioso

cc:  All counsel of record (via ECF and e-mail)

---

[1] A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* It is indisputable that the Consent Order is a judicial document. *See In re Sept.11 Litig.*, 723 F. Supp. 2d 526, 530–31 (S.D.N.Y. 2010) (holding a final settlement agreement submitted to the court for approval is a judicial document).

2